IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE REYES, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NOCERA RESTAURANT, INC. d/b/a MAMA THERESA'S; MILLENIUM FOODS, LTD. d/b/a MAMA THERSA'S; TREMEZZO, LLC d/b/a MAMA THERESA'S; MARCO NICOTRA and ANTONIO BRANCHINELLI,<br><br>Defendants. | No. 16-CV-00455<br><br>Azrack, J. |

**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement totaling $585,000.00 on October 3, 2018 in a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") and Plaintiff filed for preliminary approval of the settlement on October 3, 2018, which for settlement purposes only Defendants did not oppose. Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ¶ 14-20.

1

On September 30, 2019, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").  Docket No. 78.

On February 11, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose.  On November 8, 2019, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Awards"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on February 26, 2020.  No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the February 26, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the February 26, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters

relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff Jose Reyes and Opt-in Plaintiffs Nubia Avellar and Darwin Noe Contrera as the representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On February 7, 2020 Defendants mailed CAFA notices to the appropriate federal and state officials, outside of the prescribed ten (10) day period after filing of the Motion for Preliminary Approval. *See* 28 U.S.C. § 1715(b). The Court held a settlement fairness hearing on February 26, 2020. Thereafter, in the interest of complying with the CAFA requirements, the Court agreed to hold the matter in abeyance until the expiration of the ninety (90) day notice period required by CAFA. Such ninety (90) days having passed, and no comment or objection having been received from any government official with regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d), (e)(2); *see also In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting

final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].") (citing *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F. R.D. 59, 80 (E.D.N.Y. 2008).

8. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d

Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and Expenses and awards Class Counsel $156,000, ~~which is approximately one-third of the Settlement Fund~~, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $6,046.63, which are expenses the Court finds were necessarily and reasonably

incurred by Class Counsel in prosecuting the Litigation and which shall be included in the requested award of $156,000 for attorneys' fees.  The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable the service award for Named Plaintiff JOSE REYES in the amount of $10,000 and service awards to the Opt-in Plaintiffs NUBIA AVELLAR and DARWIN NOE CONTRERA, each in the amount of $2,500, in recognition of the services they rendered on behalf of the class.  This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $25,000, which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.  Neither party to this Litigation is or shall be considered a prevailing party.

19. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

20. By operation of this Order, the releases contained in the Settlement Agreement are approved and judicially endorsed and all Class Members, Authorized Claimaints, and Service Award Recipients have been deemed to release claims against Defendants in accordance with the releases contained in the Settlement Agreement.

21. The Court finds that neither the Settlement Agreement nor the settlement contained

therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or this settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claims made by Plaintiff, the Authoirzed Claimants, or the Class or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or the Released Entities in any civil, criminal, or administrative proceeding in any Court, administrative agency or other tribunal.  Defendants may file this Judgment in any other action that may be brought against them to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. If no individual or party appeals this Order, the Final Effective Date of the settlement will be thirty (30) days after the Court enters this Order.

23. If an individual or party appeals this Order, the Final Effective Date of the settlement will be the later of (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired and no such petition for review has been filed; and/or (4) if a petition for review of an appellate decision affirming the Final Order is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form entered by the Court.

24. This Action is dismissed with prejudice, permanently barring: (i) the Class Members from prosecuting any of the Released Class Claims (as defined in Section 1.31 of the Settlement Agreement); (ii) the Authorized Claimants from prosecuting any of the Released Authorized Claimant Claims (as defined in Section 1.32 of the Settlement Agreement) or the

Released Class Claims (as defined in Section 1.31 of the Settlement Agreement); or (iii) the Service Award Recipients from prosecuting any of the Released Class Claims (as defined in Section 1.31 of the Settlement Agreement), Released Authorized Claimant Claims (as defined in Section 1.32 of the Settlement Agreement) or the Service Award Recipient Released Claims (as defined in Section 1.37 of the Settlement Agreement).

25. This document shall constitute a Judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure.

26. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this _31st__ day of ___May_____, 2020.

_____/s/ (JMA)_____
The Honorable Joan M. Azrack
United States District Judge